IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENNIS FRIEDT,<br><br>Petitioner,<br><br>vs.<br><br>JIM SALMONSEN, WARDEN MONTANA STATE PRISON; AUSTIN KNUDSEN, MONTANA ATTORNEY GENERAL<br><br>Respondents. | Cause No. CV 21-48-BLG-DWM<br><br>ORDER |

This matter comes before the Court on state pro se petitioner Dennis Friedt's application under 28 U.S.C. § 2254, seeking habeas corpus relief. (Doc. 1.) Because it appeared Friedt's petition was procedurally defaulted, he was provided an opportunity to show cause as to why his petition should not be dismissed. See generally, (Doc. 23.) Friedt timely responded. (Docs. 24 & 25.) Additionally, Friedt has filed a motion for rehearing. (Doc. 26.)

As explained herein, Friedt's request for rehearing will be denied and his petition will be dismissed as procedurally defaulted.

1

I. **Procedural Default**

The procedural history of Friedt's state filing history has been set forth in detail in prior orders of the Court. See, (Doc. 12 at 2-6); (Doc. 23 at 3-7.) For purposes of this Court's present analysis it is worth noting that Friedt recently filed a habeas petition in the state district court which was construed as a petition for postconviction relief. See, (Doc. 23-1.) The district court dismissed the petition finding that it was procedurally barred by state statute, *id.* at 4; Friedt failed to demonstrate his present incarceration was unlawful, *id.* at 4-5; Friedt failed to state a claim, *id.* at 5; Friedt entered his plea to the underlying offenses knowingly, voluntarily, and intelligently, *id.* at 6; and, Friedt failed to make prima facie showing that counsel provided ineffective assistance. *Id.*

It is undisputed that Friedt elected not to appeal the district court's denial of his petition. Instead he seems to explain that he chose not to pursue an appeal his postconviction matter because his appellate defender abandoned him on his direct appeal and acted in concert with Clerk of the Montana Supreme Court to ensure that his response to the *Anders* brief was not filed. See, (Doc. 24 at 2.) Friedt believes these actions were undertaken in response to negative articles being published about Friedt in state newspapers and demonstrate the prejudice he has experienced throughout his underlying proceedings. *Id.*

Friedt also relies upon the recent Montana Supreme Court decision handed

2

down in *State v. Tipton*, 2021 MT 281, 406 Mont. 186, 497 P.3d 610 (Mont. 2021), to excuse his default. See, (Doc. 24 at 1.) Friedt seems to believe that, like Mr. Tipton, he was charged under an "inactive statute." *Id.* Friedt also indicates that he has 60 other "clients" he is advising at the Montana State Prison and assisting them in seeking relief pursuant to *Tipton. Id.*[1]

But *Tipton* does not provide a basis to excuse Friedt's procedural default in this Court. As previously explained, a procedural default may be excused for a fundamental miscarriage of justice. See, *Cook v. Schriro,* 538 F. 3d 1000, 1028 (9th Cir. 2008). Such a showing is made when a petitioner can show that a constitutional violation probably caused the conviction of one innocent of the crime. *Smith v. Baldwin,* 510 F. 3d 1127, 1139 (9th Cir. 2007)(en banc). "Actual innocence" means factual innocence, not a mere legal insufficiency. See, *Bousley v. United States*, 523 U.S. 614, 623-24 (1998)(citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992).

Under this exception, a petitioner may establish a procedural "gateway" permitting review of defaulted claims if he demonstrates "actual innocence." *Schlup,* 513 U.S. at 316 & n. 32. The required evidence must create a colorable

---

[1] The Court is aware of other *Tipton* arguments, perhaps assisted by Friedt, that have been made and rejected in this district. See e.g., *Henderson v. Salmonsen*, Cause No. CV-21-62-BU-BMM, Or. at 4-5 (D. Mont. Dec. 2, 2021)(rejecting Henderson's Rule 60(b) motion based, in part, on *Tipton*); see also, *Hollemon v. Salmonsen*, Cause No. CV-21-90-BU-BMM, Or. at 5-8 (D. Mont. Feb. 9, 2022)(rejecting Hollemon's argument that *Tipton* provides cause to excuse his procedural default).

3

claim of actual innocence, that the petitioner is innocent of the charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at 321. To be credible, however, "such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence- that was not presented at trial." *Schriro*, 538 F. 3d at 1028 (quoting *Schlup v. Delo*, 513 U.S. 298, 324 (1995). In the present case, Friedt has presented absolutely no new evidence that would demonstrate he is actually innocent of Sexual Assault or Sexual Intercourse without Consent. Accordingly, Friedt has failed to show that adhering to the present procedural default of his petition would constitute a fundamental miscarriage of justice.

Additionally, relying upon *Tipton*, Friedt asserts the state statues under which he was charged for Sexual Assault and Sexual Intercourse without Consent, MCA §§ 45-5-502 & 503, were inactive during the time of his charging and sentencing. See, (Doc. 25 at 1); see also, (Doc. 24 at 1) and (Doc. 24-1.) Because, according to Friedt, these statutes were inactive during the underlying proceedings, he is entitled to equal protection under the Fifth Amendment and is entitled to the same relief afforded to Mr. Tipton, in addition to financial compensation. See, (Doc. 25); see also, (Doc. 24-1 at 1.) But this argument is also unavailing.

4

In *Tipton*, the Court found trial counsel provided ineffective assistance by failing to challenge the statutory basis for one count of Indecent Exposure to a Minor because the statute upon which the charge was based did not go into effect until after one of the underlying incidents had occurred. *See Tipton*, 2021 MT 281, ¶¶ 17-21. Additionally, the Court determined Tipton's two convictions for Sexual Abuse of Children warranted reversal because an October 2017 amendment of the law was improperly applied to Tipton's pre-October 2017 conduct. *Id.* at ¶¶ 23-25. Tipton's convictions were reversed and the matter was remanded for further proceedings. *Id.* at ¶ 26.

As a preliminary matter, it does not appear that Friedt's case is analogous to *Tipton*. Moreover, the interpretation and application of state law, lies exclusively within the province of the state court. The Montana Supreme Court is the highest authority in the land—superior even to the United States Supreme Court—on the content and meaning of Montana law. See, e.g., *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *Wisconsin v. Mitchell*, 508 U.S. 476, 483 (1993) ("There is no doubt that we are bound by a state court's construction of a state statute."). The interpretation of state law and statutes, including the potential application of *Tipton*, presents purely an issue of state law. Or, put another way, there exists no issue of federal law which would allow this Court's intervention.

Additionally, Friedt's invocation of equal protection[2] does not assist his procedural default argument. "The Equal Protection Clause requires the State to treat all similarly situated people equally." *Shakur v. Schiro*, 514 F. 3d 878, 891 (9th Cir. 2008)(citation omitted). Equal protection claims arise when a charge is made that similarly situated individuals are treated differently without a rational relationship to a legitimate state purpose. See, *San Antonio School District v. Rodriguez*, 411 U.S. a (1972). But Friedt does not allege he is a member of a protected class, nor does he allege acts which constituted an intentional discrimination against him. Rather he simply advances his own interpretation of a state law case. Moreover, this state law issue cannot be converted into one of federal constitutional import simply by invoking a federal constitutional provision, such as due process or equal protection. See e.g., *Langford v. Day*, 110 F. 3d 1380, 1389 99th Cir. 1996), *cert. denied*, 522 U.S. 881 (1997). Thus, Friedt's repeated reference to and reliance upon *Tipton* does not serve to set aside any procedural bars before this Court.

The claims contained in Friedt's petition are procedurally defaulted without excuse. Because Friedt has not demonstrated a valid basis to set aside the procedural default, this matter will be dismissed with prejudice.

---

[2] Despite referencing the Fifth Amendment, the Court presumes Friedt, a state prisoner, intends to claim a violation of the equal protection clause of the Fourteenth Amendment.

## II. Request for Re-Hearing

Despite his previous motion for a hearing being denied, see (Doc. 23 at 1-2), Friedt has renewed his request. (Doc. 26.) Friedt seems to allege that due to its silence, the State of Montana conceded that he should have been released from custody on November 12, 2019. *Id.* Friedt believes he has demonstrated deliberate indifference and asserts he is entitled to $914,500.00 in compensation. *Id.*

Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that an evidentiary hearing may not be held until after the court has reviewed respondent's answer and the state court record. See, Rule 8(a). Respondent has not been ordered to file an answer and, as explained herein, this matter can be resolved by the record before the Court. Thus, there is no need for an evidentiary hearing. See, *Totten v. Maekle*, 137 F. 3d 1172, 1176 (9th Cir. 1998)("It is axiomatic that when issues can be resolved with reference to the state court record, an evidentiary hearing becomes nothing more than a futile exercise."); see also, *Schiro v. Landrigan*, 550 U.S. 465, 474 (2007)("[I]f the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing."). Friedt's motion for hearing will be denied.

//

7

### III. Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting *Slack*, 529 U.S. at 484).

Friedt has not made a substantial showing that he was deprived of a constitutional right. He has failed to demonstrate the existence of a fundamental miscarriage of justice necessary to set aside the procedural default. Accordingly, his is petition is procedurally defaulted. Reasonable jurists would find no basis to encourage further proceedings. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Friedt's motion for rehearing (Doc. 26) is DENIED.

2. The Petition (Doc. 1) is DISMISSED with prejudice.

3. The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

4. A certificate of appealability is DENIED.

DATED this 16th day of February, 2022.

_____
Donald W. Molloy
United States District Court Judge