IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| DENNIS FRIEDT, | Cause No. CV 21-48-BLG-DWM |
| Petitioner, | |
| vs. | ORDER |
| JIM SALMONSEN, WARDEN OF MONTANA STATE PRISON; AUSTIN KNUDSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Dennis Friedt previously filed a petition for habeas relief pursuant to 28 U.S.C. § 2254. (Doc. 1.) Because it appeared Friedt's petition was unexhausted, he was directed to show cause as to why the matter should not be dismissed without prejudice. (Doc. 12.)

In the interim, this matter was transferred to the undersigned. (Doc. 21.) Also during this same time period, the state district court dismissed Friedt's petition for postconviction relief. Accordingly, it appeared that the claims contained in the petition pending before this Court were not only unexhausted, but also procedurally defaulted. Friedt was provided an opportunity to show cause as

to why his petition should not be dismissed with prejudice as procedurally defaulted. (Doc. 23.) Friedt timely responded. (Doc. 25.)

On February 16, 2022, this Court dismissed the matter with prejudice and denied Fried a certificate of appealability. (Doc. 27.) Friedt appealed. (Doc. 29.) On July 25, 2022, the Ninth Circuit denied Friedt a certificate of appealability. (Doc. 33.)

While his appeal was pending, Friedt filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. (Doc. 31.) Friedt was advised that as a prisoner in state custody, section 2255 had no applicability to him. (Doc. 32 at 2.) Friedt was further informed that the motion was frivolous and that he was precluded from mounting further challenges to his 2018 state court judgment in this Court, absent prior approval from the Circuit. *Id.* at 2-3.

i.  **Rule 60(b) Motion**

Undeterred, Friedt has now filed a Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. 34.) As basis for his motion, Friedt asserts this Court erred when it issued a second show cause order in the course of prescreening his petition. *Id.* at 1. Additionally, Friedt puts forth arguments he that were previously presented and rejected by this Court- that he was denied appellate counsel during the *Anders* proceedings before the Montana Supreme Court and that the state was unlawfully allowed to file charges against

him via an Information without first conducting a probable cause hearing. *Id.* at 1-2.

Rule 60(b) allows the Court to relieve a party from an order for "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. *Harvest v. Castro*, 531 F. 3d 737m, 749 (9th Cir. 2008)(citations omitted). The moving party "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." *Id.*, citing *Latshaw v. Trainer Wortham & Co., Inc.*, 453 F. 3d 1097, 1103 (9th Cir. 2006). "A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Marilyn Nutraceuticlas, Inc. v. Mucos Pharma GmbH& Co.*, 571

F. 3d 873, 880 (9th Cir. 2009), citing *389 Orange St. Partners v. Arnold*, 179 F. 3d 656, 665 (9th Cir. 1999).

In the instant matter, the bases for relief put forth by Friedt do not meet any of the categories outlined in Rule 60(b) and do not warrant relief. He has not effectively challenged the integrity of his prior proceedings. His claim based upon the application of state law does not constitute newly discovered evidence or a change in controlling law for purposes of federal habeas. Moreover, he has not demonstrated this Court committed error. The motion will be denied.

    ii.    **Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A certificate of appealability should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Further, a certificate of appealability is required to appeal the denial of a Rule 60(b) motion for relief. *United States v. Winkles*, 795 F. 3d 1134, 1139 (9th Cir. 2015).

A certificate of appealability is denied. Friedt has been afforded adequate opportunity to mount constitutional challenges to the state conviction at issue and has failed. Reasonable jurists viewing the argument submitted in support of Friedt's motion, analyzed under Rule 60(b), would not disagree whether a certificate of appealability should issue to challenge this Court's exercise of discretion in denying the motion. There are no close questions and there is no basis to encourage further proceedings at this time.

Based on the foregoing, the Court enters the following:

### ORDER

1. Friedt's Motion for Relief from Judgment (Doc. 34) is DENIED;

2. A certificate of appealability is DENIED;

3. This matter is CLOSED. The Clerk of Court is directed to discard any future filings in this matter.

DATED this 4th day of October, 2022.

_____
Donald W. Molloy
United States District Court Judge